THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ACUSHNET COMPANY; and SCOTT CAMERON GOLF DESIGN, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DEREK MCMURDIE; TAYLOR MCMURDIE; JAX MCMURDIE; LEMON AND LUCY, LLC; and DOES 1-10, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER SANCTIONING DEFENDANTS WITH DEFAULT JUDGMENT AND DIRECTING PLAINTIFFS TO SUBMIT AN AFFIDAVIT OF DAMAGES AND PROPOSED DEFAULT JUDGMENT** <br><br> Case No. 4:23-cv-00025-DN-PK <br><br> District Judge David Nuffer |

Defendants' counsel withdrew on June 13, 2023.[1] In the order permitting counsel's withdrawal, Defendants Derek McMurdie, Taylor McMurdie, and Jax McMurdie were ordered to either enter an appearance *pro se* or have new counsel file a notice of appearance within 21 days.[2] Defendant Lemon and Lucy, LLC was ordered to have new counsel file a notice of appearance within 21 days.[3] And the order warned Defendants that a failure to timely appear personally or through new counsel may result in sanctions, including entry of default judgment.[4]

Defendant failed to timely appear personally or through new counsel, and on July 27, 2023, Magistrate Judge Paul Kohler entered an order directing Defendants to show cause for their failure by no later than August 16, 2023.[5] The Order to Show Cause warned Defendants

---

[1] Order Granting Motion for Withdrawal of Counsel, docket no. 22, filed June 13, 2023.

[2] *Id*. at 1.

[3] *Id*. at 2.

[4] *Id*.

[5] Order to Show Cause at 1-2, docket no. 26, filed July 27, 2023.

that their failure to adequately show cause may result in sanctions, including entry of default

judgment.[6]

To date, Defendants have not responded to the Order to Show Cause, and have not

appeared personally or through new counsel. "Rules 16(f) and 37(b)(2)(C) of the Federal Rules

of Civil Procedure permit a court to enter a default judgment when a party disobeys a court

order."[7] But because a "default judgment . . . represents an extreme sanction, it is appropriate

only in cases of willful misconduct."[8] "A 'willful failure' is any intentional failure as

distinguished from involuntary noncompliance[, b]ut no wrongful intent need be shown."[9]

Additionally, before imposing a default judgment as a sanction, courts must consider the

following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference
> with the judicial process; (3) the culpability of the litigant; (4) whether the court
> warned the party in advance that dismissal of the action would be a likely sanction
> for noncompliance; and (5) the efficacy of lesser sanctions.[10]

"Only when the aggravating factors outweigh the judicial system's strong predisposition to

resolve cases on their merits is . . . default judgment an appropriate sanction."[11]

The circumstances of this case warrant the entry of default judgment against Defendants

as a sanction for their failure to comply with court orders. Defendants, like any party that is

sanctioned with default judgment, will suffer some prejudice by not having the merits of their

defenses heard. However, Defendants have wholly failed to participate in this action since

---

[6] *Id*. at 2.

[7] *Derma Pen, LLC v. 4EverYoung Ltd.*, 736 Fed. App'x 741, 745 (10th Cir. 2018).

[8] *Id*. (internal quotations omitted).

[9] *Id*. (internal quotations and punctuation omitted).

[10] *Id*. at 745-746 (internal quotations omitted).

[11] *Id*. at 746 (internal quotations and punctuation omitted).

answering Plaintiffs' complaint. Less than one month after answering the complaint, Defendants requested their counsel to withdraw.[12] And in the four months since their counsel's withdrawal, Defendants have failed to appear personally or through new counsel despite being ordered to do so.[13] Defendants also failed to respond after being ordered to show cause for their failure to appear personally or through new counsel.

Defendants' conduct resulted in a case management conference being vacated, and has unreasonably delayed and impeded the prosecution of Plaintiffs' claims.[14] Because of their knowledge of the orders and clear directives,[15] Defendants' failures to comply with the orders is willful. Defendants have also twice been warned that their failure to comply with the orders may result in entry of default judgment as a sanction.[16] And any lesser sanction at this time would be ineffective because of Defendants willful failure to appear in the case since their counsel's withdrawal.

Therefore, the circumstances warrant a sanction of default judgment against Defendants for their failure to comply with court orders.

---

[12] Motion for Withdrawal of Counsel at 2, docket no. 21, filed June 12, 2023.

[13] Order Granting Motion for Withdrawal of Counsel at 1-2.

[14] Order to Show Cause at 2.

[15] The orders were mailed by the Clerk to Defendants at their last known addresses.

[16] Order Granting Motion for Withdrawal of Counsel at 2; Order to Show Cause at 2.

**ORDER**

IT IS HEREBY ORDERED that default judgment in favor of Plaintiffs and against

Defendants shall enter as a sanction for Defendants failure to comply with court orders. Plaintiffs

are directed to file, by no later than November 1, 2023: (1) an affidavit identifying their damages

and (2) a proposed default judgment against Defendants.

Signed October 18, 2023.

BY THE COURT

David Nuffer
United States District Judge